81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lyman HOLLINGSWORTH, Defendant-Appellant.
 No. 95-30228.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided March 27, 1996.
 
 Before: FLETCHER, JOHN T. NOONAN, Jr. and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lyman Hollingsworth appeals from the district court's denial of his petition for a writ of error coram nobis seeking to void the judgment of criminal forfeiture entered against him in September 1989. He contends that the forfeiture was procedurally deficient under Rules 7, 11, and 43 of the Federal Rules of Criminal Procedure and that it constituted a second punishment in violation of the double jeopardy clause.
 
 
 3
 We affirm.
 
 BACKGROUND
 
 4
 On May 23, 1989, Hollingsworth was charged in a one-count information with illegally dispensing a prescription controlled substance (phendimetrazine) for other than legitimate medical purposes and not in the usual course of medical practice, in violation of 21 U.S.C. § 841. On June 8, 1989, Hollingsworth, represented by counsel, entered into a plea agreement with the United States whereby he agreed to plead guilty to illegal distribution of phendimetrazine and to forfeit $500,000 as proceeds of the illegal distribution. Although the substantive offense to which Hollingsworth pled guilty was subject to a maximum penalty of five years, a $250,000 fine, and a two-year term of supervised release, the parties agreed that the appropriate disposition of the case was a term of probation not to exceed three years. If necessary to reach that disposition, the United States agreed to recommend a downward departure. The appropriate fine was left to the discretion of the court. Hollingsworth agreed to surrender his license to practice medicine. The district court accepted the plea and set August 4, 1989 as the date for sentencing.
 
 
 5
 On August 4, 1989, Hollingsworth and the United States entered a "Consent Decree of Forfeiture" in the criminal case. Under the consent decree, Hollingsworth agreed to forfeit $500,000 as property constituting or derived from proceeds obtained directly or indirectly as a result of his intentional and unlawful distribution of phendimetrazine in violation of 21 U.S.C. § 841. The consent decree recited that the $500,000 was subject to forfeiture pursuant to 21 U.S.C. § 853 and the June 8, 1989 plea agreement. The parties lodged an accompanying Judgment of Forfeiture on that day. The Court continued the sentencing hearing to September 8, 1989.
 
 
 6
 On September 8, 1989, the court agreed to "accept the plea agreement and ... sentence the defendant based on the plea agreement." The court granted the government's motion for a downward departure under Guidelines § 5H1.1 for elderly and infirm persons and accordingly sentenced Hollingsworth to probation despite the guideline range of 78 to 97 months. The court noted that it was "mindful, as [counsel for defendant] points outs [sic], that defendant has already paid $500,000 and incurred the tax consequences of 175,000. I look at that $500,000 as only returning what was truly illegal profits from the sale of drugs." The court also imposed a fine of $100,000.
 
 
 7
 The district court entered a written Judgment and Order of Probation on September 18, 1989, sentencing Hollingsworth to a three-year period of probation, six months home detention, and a fine of $100,000. No mention was made in the judgment of the $500,000 forfeiture. On September 19, 1989, the court signed the previously-lodged Judgment of Forfeiture, which was entered on September 20, 1989. A Final Order of Forfeiture was entered on February 12, 1990, after no third-party petitions were filed in response to publication of notice of the forfeiture. See 21 U.S.C. § 853(n).
 
 
 8
 Hollingsworth's probation subsequently was voluntarily extended for an additional two years to permit him to complete his community service obligation, which was a condition of his probation. Hollingsworth was discharged from probation in January 1994. On March 3, 1995, he filed the instant petition for writ of error coram nobis seeking to vacate the criminal forfeiture of the $500,000 and to have this amount returned to him with interest.
 
 DISCUSSION
 
 9
 This court reviews de novo the district court's denial of Hollingsworth's petition for a writ of error coram nobis. United States v. Walgren, 885 F.2d 1417 (9th Cir.1989). The writ of error coram nobis is an equitable remedy. See Telink, Inc. v. United States, 24 F.3d 42 (9th Cir.1994). Relief "should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954). In order to qualify for coram nobis relief, Hollingsworth must establish each of the following four elements:
 
 
 10
 (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirements of Article III; and (4) the error is of the most fundamental character.
 
 
 11
 Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987).
 
 
 12
 I. Rule 7(c)(2) of the Federal Rules of Criminal Procedure
 
 
 13
 As the district court concluded, the information at issue did not "allege the extent of the interest or property subject to forfeiture" as required by Fed.R.Crim.P. 7(c)(2). See also United States v. Seifuddin, 820 F.2d 1074 (9th Cir.1987). Hollingsworth, however, did not raise this issue until after release from probation. In order to be entitled to relief, he must demonstrate that "valid reasons exist for not attacking the conviction earlier." Hirabayashi, 828 F.2d at 624. Hollingsworth contends that he could not have brought his petition earlier, because the Ninth Circuit had not yet decided the double jeopardy case of United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), amended and reh'g denied, 56 F.3d 41 (1995), cert. granted, 116 S.Ct. 762 (1996), but this does not provide a valid reason for failing to bring his Rule 7(c)(2) challenge earlier. Rule 7(c) requires that the indictment or information include a forfeiture count. The relevant case applying this principle, United States v. Seifuddin, 820 F.2d 1074 (9th Cir.1987), was decided two years before Hollingsworth was charged and convicted. The only fact Hollingsworth needed to know to bring the challenge, that the information did not contain a forfeiture count, had been evident since the time the information was brought.
 
 
 14
 Hollingsworth is also ineligible for coram nobis relief because the error is not "of the most fundamental character." In United States v. Timmreck, 441 U.S. 780, 783-84 (1979), the Court held that collateral relief is generally unavailable to correct violations of procedural rules, particularly in cases where the conviction rests on a guilty plea. Specifically, the Court concluded that the petitioner's claim of a technical violation of Fed.R.Crim.P. 11 was not cognizable on collateral review because it could have been raised on direct appeal and did not cause a "complete miscarriage of justice." Id. at 784.
 
 
 15
 Similarly, the violation of Fed.R.Crim.P. 7(c)(2) in the instant case is not an error "of the most fundamental nature" resulting in a miscarriage of justice. Rule 7(c)(2)'s requirement that the information include a forfeiture count is not a constitutional mandate. Cf. Libretti v. United States, 116 S.Ct. 356, 362-69 (1995) (holding that forfeiture is an element of sentencing rather than a substantive offense and therefore Fed.R.Crim.P. 31(e)'s right to a jury verdict of forfeiture does not have constitutional underpinnings). The purpose behind Rule 7(c)(2)'s requirement that the indictment or information allege the property to be forfeited is to provide the defendant notice that the government intends to forfeit his property. See Advisory Committee Note to Rule 7 ("Under the common law, in a criminal forfeiture proceeding, the defendant was apparently entitled to notice, trial, and a special jury finding.... Subdivision (c)(2) provides for notice."). In the instant case, Hollingsworth had notice. In the plea agreement, he agreed to forfeit the $500,000 under 21 U.S.C. § 853. He approved entry of a Consent Decree agreeing to forfeit $500,000 and signed a proposed Judgment, later entered by the district court, forfeiting the $500,000. The presentence report discussed the forfeiture. During the sentencing hearing, both parties and the district judge engaged in an extensive discussion of the forfeiture of the $500,000.
 
 
 16
 Petitioner contends, however, that the error was fundamental in that the district court lacked jurisdiction to order the forfeiture. We disagree. Criminal forfeiture is based upon in personam jurisdiction over the defendant, and the district court had personal jurisdiction over the defendant based on the criminal charge and conviction against him. 21 U.S.C. §§ 841, 853; see United States v. Certain Real Property Located at 2525 Leroy Lane, 910 F.2d 343, 346 (6th Cir.1990), cert. denied, 499 U.S. 947 (1991). The court had subject matter jurisdiction under 18 U.S.C. § 3231 (offenses against the United States).
 
 
 17
 Accordingly, the district court properly denied Hollingsworth's Rule 7(c)(2) challenge.
 
 
 18
 II. Rule 11 of the Federal Rules of Criminal Procedure
 
 
 19
 Hollingsworth contends that the district court violated Fed.R.Crim.P. 11(c) by accepting his guilty plea without ensuring that he understood "the maximum penalty provided by law."[1] He notes that the Assistant United States Attorney did not recite forfeiture as one of the maximum penalties available.
 
 
 20
 Hollingsworth demonstrates no reason for failing to raise this challenge earlier. Moreover, to the extent there was any error it was not error "of the most fundamental character," since Hollingsworth had already agree to forfeit the $500,000 and thus clearly knew about the penalty.
 
 
 21
 III. Rule 43(a) of the Federal Rules of Criminal Procedure
 
 
 22
 In his reply brief, Hollingsworth suggests another allegation of error--that the court, in entering the judgment of forfeiture, imposed sentence outside the presence of the defendant in violation of Fed.R.Crim.P. 43(a) ("The defendant shall be present at ... the imposition of sentence...."). Because Hollingsworth did not raise this issue in his opening brief before the district court or on appeal, it is not properly before this court. Moreover, Hollingsworth demonstrates no valid reason for failing to challenge the forfeiture earlier on this basis.
 
 IV. Double Jeopardy
 
 23
 Hollingsworth contends that the district court's judgment of forfeiture, entered two days after the written judgment of probation and home detention and eleven days after the oral sentencing, constitutes a second punishment in violation of the double jeopardy clause.
 
 
 24
 We disagree. The double jeopardy clause protects against multiple punishments for the same offense. See, e.g., United States v. Halper, 490 U.S. 435 (1989). But "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983).
 
 
 25
 An attempt to impose multiple punishments in the same proceeding would satisfy the Double Jeopardy Clause so long as the legislature intended to impose both criminal forfeiture and the standard criminal penalties for a violation of the criminal statutes at issue here.
 
 
 26
 $405,089.23, 33 F.3d at 1217 n. 5.
 
 
 27
 Congress clearly intended that criminal forfeiture be imposed in addition to other criminal penalties for felony drug violations under the Controlled Substances Act. The criminal forfeiture statute states,
 
 
 28
 The court, in imposing sentence on [a felony offender], shall order, in addition to any other sentence imposed ..., that the person forfeit to the United States, all property described in this subsection.
 
 
 29
 21 U.S.C. § 853(a) (emphasis added).
 
 
 30
 Here, the forfeiture was imposed in the same criminal proceeding, precluding any double jeopardy challenge. The forfeiture and the rest of the sentence bore a single docket number and were before the same judge in the same court. A single plea agreement contained the forfeiture as well as the rest of the sentence. At the oral sentencing hearing, the court indicated that it would accept the plea agreement and sentence Hollingsworth based on the plea agreement; thus, the sentence included forfeiture of the $500,000 as well as a term of probation. That the written Judgment of Forfeiture was entered two days after the written Judgment of Sentence providing for probation and home detention does not change the fact that it was imposed as part of the same criminal proceedings. As such, there was no fundamental error which would entitle Hollingsworth to coram nobis relief.
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hollingsworth also appears to allege noncompliance with Fed.R.Crim.P. 11(f) ("Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."). Hollingsworth's Rule 11(f) argument, however, has been foreclosed by Libretti v. United States, 116 S.Ct. 356 (1995) (holding that Fed.R.Crim.P. 11(f) does not apply to criminal forfeiture). In any event, the district court did ensure that there was an adequate factual basis for the forfeiture