THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRICK L. SANDERS, Appellant. [735 NYS2d 302] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). He was sentenced as

a second felony offender to a term of 3 to 6 years and was ordered to pay restitution of $50 for the buy money he acquired during the transaction and to forfeit the remaining $900 found on him at the time of his arrest. Supreme Court erred in ordering forfeiture of the $900. The authority to order forfeiture based upon the conviction of a felony controlled substance offense is derived from Penal Law article 480, and forfeiture may not be ordered in a criminal proceeding in the absence of compliance with specified procedures set forth in Penal Law § 480.10 (*see also,* CPLR art 13-A; Public Health Law § 3388). Here, there was no compliance with those procedures, and thus that portion of the sentence ordering forfeiture is illegal and must be vacated despite the fact that defendant waived the right to appeal (*see generally, People v Seaberg,* 74 NY2d 1, 9; *cf., People v Callahan,* 80 NY2d 273, 280-281). We therefore modify the judgment accordingly. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Hayes, J. P., Scudder, Burns, Gorski and Lawton, JJ.