[746 NYS2d 46]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICH-
ARD G. SCZEPANKOWSKI, Appellant.

Third Department, June 20, 2002

## APPEARANCES OF COUNSEL

*Carol M. Dillon,* Amsterdam, for appellant.

*James E. Conboy, District Attorney,* Fonda (*Charles M. Clark* of counsel), for respondent.

## OPINION OF THE COURT

PETERS, J.

Defendant was indicted with eight class B and one class C felonies arising out of four separate drug sales which took place in March 1999. In July 1999, in full satisfaction of the indictment and other outstanding drug charges resulting from his possession of 64.5 grams of cocaine, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and waived his right to appeal. Thereafter sentenced, as promised, to an indeterminate term of imprisonment of 8⅓ to 25 years, consensual forfeiture of moneys seized by police at the time of his arrest and $620 in restitution, defendant appeals.

Defendant's challenge to the indictment concerns the count charging him with criminal possession of a controlled substance in the fourth degree. A lab report, received after the indictment was returned, revealed that he did not possess one eighth of an ounce or more of cocaine, as charged. He contends that, as a result, the reduced weight constitutes a defect which undermines the integrity of the entire indictment and mandates its dismissal. We disagree. The grand jury indicted defendant prior to the receipt of the lab report. Upon its receipt two weeks afterwards, it was fully disclosed.[1] Given the evidence available at the time the matter was presented to the grand jury, we find that such evidence, if accepted as true, established the necessary element of the offense (*see, People v*

---

1. Any allegation of prosecutorial misconduct arising from the failure of the People to present the report to the grand jury is unfounded and unsupported (*see, People v Whitehurst,* 291 AD2d 83, 88).

*Pelchat*, 62 NY2d 97, 105). Moreover, even if there was a flaw of an evidentiary nature in the charge under review, it was forfeited by defendant's guilty plea (*see, People v Hansen*, 95 NY2d 227, 232; *People v Pelchat, supra* at 108). Significantly, he pleaded to a count of the indictment charging criminal sale of a controlled substance in the third degree; the count he challenged was unrelated to the conduct described in the count to which he pleaded guilty. Unlike the facts in *People v Pelchat* (*supra*), where the plea was to the entire void indictment, defendant here pleaded to only one count of the indictment which remains unchallenged. Further, the evidentiary deficiency was disclosed prior to the plea and, unlike the situation in *Pelchat*, "there is no suggestion that the People doubted the accuracy of the evidence presented to the Grand Jury" (*People v Whitehurst*, 291 AD2d 83, 88).

■ Nor do we find error in defendant's voluntary forfeiture of funds seized from his person at the time of his arrest in connection with his negotiated plea agreement due to a failure of both County Court and the People to abide by the procedural guidelines of either Penal Law § 480.10 or CPLR article 13-A. To be sure, no public policy precludes a defendant from waiving his right to appeal as a condition of a plea and agreed upon sentence (*see, People v Seaberg*, 74 NY2d 1). "The pleading process necessarily includes the surrender of many guaranteed rights but when there is no constitutional or statutory mandate and no public policy prohibiting it, an accused may waive any right which he or she enjoys * * *" (*id.* at 7 [citation omitted]). Certainly, there are specific claims which may not be waived, such as defendant's constitutional right to a speedy trial (*see, People v Blakley*, 34 NY2d 311), the right to challenge the legality of a sentence (*see, People v Francabandera*, 33 NY2d 429, 434 n 2) or the competency of an individual to stand trial (*see, People v Armlin*, 37 NY2d 167).[2] Therefore, while an agreement to waive appeal does not foreclose appellate review in all situations, we find it applicable to the forfeiture provision of defendant's sentence since "there is no claim that the waiver was constitutionally defective and no public policy impediment to enforcing the waiver" (*People v Callahan*, 80 NY2d 273, 285).

*People v Sanders* (289 AD2d 1019), while seemingly contrary, is distinguishable on its facts. There, upon defendant's plea to a single count of attempted criminal sale of a controlled

---

**2.** See *People v Hansen* (*supra* at 231 n 2) for a more comprehensive list of those issues which survive and/or are foreclosed by a plea of guilty.

substance in the third degree, the trial court agreed to a sentence of 3 to 6 years of incarceration and restitution of the "buy money." It reserved for sentencing the question of forfeiture of the moneys found on the defendant. At such hearing, however, the trial court failed to comply with relevant statutory procedures concerning such forfeiture.

*United States v Hollingsworth* (81 F3d 171 [op published at 1996 WL 138583, 1996 US App LEXIS 8610]) is more directly on point. There, charged with illegally dispensing a prescription controlled substance in violation of federal law, defendant entered into a plea agreement which provided for, inter alia, a consent decree of forfeiture of part of the proceeds. The District Court accepted the plea and sentenced the defendant to an agreed term of probation, thereafter signing a judgment and order of forfeiture. Upon a coram nobis proceeding to vacate the forfeiture for failure to have included a forfeiture count in the information, the court denied such relief. The United States Court of Appeals affirmed, finding that it was "not an error 'of the most fundamental nature' resulting in a miscarriage of justice * * * [since the] requirement that the information include a forfeiture count is not a constitutional mandate" (*United States v Hollingsworth*, 1996 WL at *3, 1996 US App LEXIS at *7). Such court further rejected any contention that jurisdiction to order the forfeiture was lacking, ruling that "[c]riminal forfeiture is based upon *in personam* jurisdiction over the defendant, and the district court had personal jurisdiction over the defendant based on the criminal charge and conviction against him" (1996 WL at *3, 1996 US App LEXIS at *9). Here, defendant, with counsel, specifically agreed, at the time of his plea, that he would forfeit the funds which were in his possession at the time of his arrest. Hence, defendant's waiver of appeal must be found to encompass this challenge.[3]

The final claim of harsh and excessive sentence is encompassed by the waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733; *see also, People v Bolden*, 287 AD2d 883, 883, *lv denied* 97 NY2d 654; *People v Smith*, 272 AD2d 782, 783, *lv denied* 95 NY2d 871) and, in any event, it lacks merit. As we have repeatedly stated, " '[t]he imposition of the sentence rests within the sound discretion of the trial court, and [this Court] should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances' "

---

3. Given the circumstances of this defendant's arrest, we further note that, in light of the rebuttable presumption set forth in Penal Law § 480.35, forfeiture would have been inevitable.

(*People v Simon*, 180 AD2d 866, 866, *lv denied* 80 NY2d 838, quoting *People v Harris*, 57 AD2d 663, 663). Upon our review of all relevant facts and circumstances, we can find no error given the class of felonies encompassed in that plea and the fact that defendant pleaded to only one of the nine felonies charged in the indictment.

CARDONA, P.J., MERCURE, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed.