■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE ABRUZZESE, Appellant. [816 NYS2d 464]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered October 21, 2004, convicting defendant, upon his plea of guilty, of two counts of attempted robbery in the second

degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 12 years to life, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed. Purported appeal from forfeiture agreement unanimously dismissed, as taken from a nonappealable paper.

Defendant's challenge to his voluntary agreement to forfeit, as a condition of his plea, the $19,900 recovered from his person at the time of his arrest, is not properly before this Court because the forfeiture was not part of the judgment of conviction (*compare People v Stevens*, 91 NY2d 270 [1998], *with People v Hernandez*, 93 NY2d 261, 266-271 [1999]). While CPL 220.50 (6) requires that where a forfeiture agreement is a plea condition, "the description and present estimated monetary value of the property shall be stated in court by the prosecutor at the time of plea," it does not mandate, or provide for the making, of any forfeiture determination as part of the conviction or sentencing. Here, the court did not order any forfeiture, and the agreement was not part of the sentence. Instead, the forfeiture was based on a voluntary settlement of a potential, separate civil proceeding, which would be governed by the CPLR.

Were we not dismissing this aspect of the appeal, we would affirm on the ground of defendant's valid waiver of his right to appeal. Defendant's oral and written appeal waivers establish a knowing, intelligent and voluntary relinquishment of the right to appeal, and specifically to challenge the forfeiture agreement in any respect (*see People v Lopez*, 6 NY3d 248, 255-257 [2006]). Defendant asserts that he is challenging the legality of his sentence, and that such challenge survives a waiver of the right to appeal. However, even if we were to treat the forfeiture agreement as part of the sentence, we would conclude that defendant is essentially attacking this aspect of the sentence as procedurally defective, as well as harsh and excessive, and these types of claims are waivable (*see People v Samms*, 95 NY2d 52, 56-58 [2000]; *see also People v Sczepankowski*, 293 AD2d 212, 215-216 [2002], *lv denied* 99 NY2d 564 [2002]). Furthermore, defendant's constitutional challenge to the forfeiture as an excessive fine is unpreserved (*see People v Ingram*, 67 NY2d 897, 899 [1986]), and we decline to review it in the interest of justice.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is also foreclosed by his waiver of his right to appeal, as well as being unpreserved and without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence as a persistent violent felony offender was

based entirely on his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Since this issue involves the substantive legality of the sentence, it survives defendant's waiver of his right to appeal. Concur— Mazzarelli, J.P., Andrias, Nardelli, Gonzalez and Malone, JJ.