THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY LEMOS, Appellant. [824 NYS2d 289]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered September 7, 2005, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

Defendant's written waiver "establishes that [he] knowingly, intelligently and voluntarily waived his right to appeal" (*People v Ramos*, 7 NY3d 737, 738 [2006]). This waiver forecloses review of his present claim that the mandatory surcharge and fees should be stricken from his sentence and commitment sheet on the ground that they were not part of the sentence that the court pronounced orally, in his presence in open court, and were

not added by way of a judicial proceeding, such as a CPL 440.40 motion by the People to set aside the sentence. We do not find that defendant is challenging the substantive legality of his sentence; he concedes that he would have been subject to the surcharge and fees had the court included them in the sentence it pronounced orally. Thus, defendant is asserting a procedural defect that can be waived (*see People v Samms*, 95 NY2d 52, 56-58 [2000]; *People v Abruzzese*, 30 AD3d 219, 220 [2006], *lv denied* 7 NY3d 784 [2006]). Furthermore, this claim was capable of being preserved by timely objection, and we decline to reach it in the interest of justice.

Were we to find that defendant's argument is not foreclosed by his appeal waiver, and were we to also grant review of this unpreserved claim in the interest of justice, we would find it unavailing (*see People v Sparber*, 34 AD3d 265 [2006]). The surcharge and fees in question are mandatory and contain no element of discretion (*see People v Prihett*, 279 AD2d 335 [2001]; *People v Neu*, 1 AD3d 798 [2003]). Furthermore, the court, acting through its court clerk, set forth the fees in the commitment sheet, as well as on the worksheet, which the court signed personally. Even assuming the existence of a constitutional requirement that every portion of a sentence be "entered upon the records of the court" (*Hill v United States ex rel. Wampler*, 298 US 460, 464 [1936]), these entries satisfied such a requirement (*compare Earley v Murray*, 451 F3d 71, 75-76 [2d Cir 2006]). We see no constitutional infirmity in the use of a written document to clarify an aspect of a sentence upon which the court's oral pronouncement was silent (*see e.g. United States v Pugliese*, 860 F2d 25, 30 [2d Cir 1988], *cert denied* 489 US 1067 [1989]), particularly where, as here, the relevant portion of the written document performs the ministerial function of setting forth mandatory consequences of the conviction. Concur—Tom, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.