■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARDO MADERA, Appellant. [838 NYS2d 42]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 13, 2005, convicting defendant, upon his plea of guilty, of attempted criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

For the reasons stated in our decision in People v Lemos (34 AD3d 343 [2006], lv denied 8 NY3d 924 [2007]), we find unpreserved, and in any event unavailing, defendant's argu-

ment that the court unlawfully imposed a mandatory surcharge and fees when it allegedly failed to include them in its oral pronouncement of sentence. The surcharge and fees contain no element of discretion, and were also "[part of] the sentence or judgment entered upon the records of the court" (*Hill v United States ex rel. Wampler,* 298 US 460, 464 [1936]), by virtue of being included in the commitment sheet, as well as in the worksheet that the court signed personally. Moreover, in this case, the sentencing court also made oral reference to an "assessment," clearly referring to the surcharge and fees. Concur—Andrias, J.P., Gonzalez, Sweeny, McGuire and Malone, JJ.