■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RANSDELL, Appellant. [845 NYS2d 735]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered August 11, 2005, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of two years and nine months, unanimously affirmed.

The court properly exercised its discretion in adding three months to defendant's originally promised sentence based on his failure to comply with one of the terms of his plea bargain, which was to return to court on the sentencing date. There is no merit to defendant's excuse for failing to appear until after the court had adjourned for the day. We note that under the terms of the plea agreement defendant could have been treated more severely for this breach, including forfeiture of the opportunity to replace his original plea of guilty to third-degree sale of a controlled substance with a plea to fifth-degree sale.

Defendant's claim regarding the imposition of a mandatory surcharge and fees is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Lemos*, 34 AD3d 343 [2006], *lv denied* 8 NY3d 924 [2007]). Concur—Lippman, P.J., Friedman, Sullivan, Gonzalez and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RINCON, Appellant. [846 NYS2d 62]—Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered on or about May 15, 2006, unanimously affirmed. No opinion. Order filed. Concur—Lippman, P.J., Friedman, Sullivan, Gonzalez and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant. [846 NYS2d 62]—Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered on or about October 3, 2005, unanimously affirmed. No opinion. Order filed. Concur—Lippman, P.J., Friedman, Sullivan, Gonzalez and Catterson, JJ.