■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASSIA SERRANO, Appellant. [854 NYS2d 347]—

Defendant did not preserve her present claim, made pursuant to *Batson v Kentucky* (476 US 79 [1986]), that the court failed to seat a panelist who had been excused after the People exercised a peremptory challenge against her. Defendant made a *Batson* application the day after the panelist was excused, and when the court granted the application to the extent of seating certain other panelists, defendant failed to request that the panelist at issue on appeal be seated as well, even though defendant specifically requested that the other panelists be seated. Although defendant initially made arguments concerning the panelist at issue, she subsequently listed the panelists she wished to be seated, and the panelist now at issue was not among them. As a result, the court never ruled upon whether the People's demeanor-based reason for striking this particular panelist was race-neutral and nonpretextual. Accordingly, her present claim is unpreserved and we decline to review it in the interest of justice, particularly since, as a result of defendant's procedural default, the trial court was not called upon to exercise its unique opportunity to evaluate matters of demeanor (*see People v Smocum*, 99 NY2d 418, 423 [2003]).

The record establishes that contrary to defendant's argument, the People did not, at any point in the trial, alter their theory regarding the cause of the victim's death. Rather, when defendant's expert provided an alternative theory, the People, as restricted by the court's rulings, properly cross-examined him regarding his theory. The court struck any testimony that could be viewed as improper, and delivered a suitable curative instruction. The People adhered to the court's ruling, and their summation, which was consistent with their theory of causation, did not suggest a different theory. Similarly, the court's discussion of causation during its final charge to the jury properly set forth the People's specific theory and did not leave open the possibility that the jury could find causation on another basis.

Defendant's Confrontation Clause argument is without merit. The expert physician who testified as a rebuttal witness for the People did not place before the jury the "testimonial" declarations of a nontestifying physician in violation of *People v Goldstein* (6 NY3d 119 [2005], *cert denied* 547 US 1159 [2006]). The

expert's testimony was based entirely on facts in evidence and his personal knowledge. To the extent that he relied on the nontestifying doctor's findings, those findings were contained in a report that had been received in evidence without objection.

Defendant's claim regarding the imposition of a mandatory surcharge and fees is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Lemos*, 34 AD3d 343 [2006], *lv denied* 8 NY3d 924 [2007]). Concur—Mazzarelli, J.P., Saxe, Friedman and Nardelli, JJ.