# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

653

KA 10-00800

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

ISAIAH MCCOY, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (ROBERT TUCKER OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered March 17, 2010.  The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by vacating the forfeiture of $5,000 and as modified the judgment is affirmed.

Memorandum:  On appeal from a judgment convicting him upon his guilty plea of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that County Court erred in allowing the People to condition their plea offer upon his ability to provide $5,000 in forfeiture funds for the City of Geneva Police Department.  We agree, and we therefore modify the judgment accordingly.

Defendant was arrested after he sold cocaine to a police informant for $80.  The sale was observed by an undercover officer who provided the informant with the buy money, and the police pulled over defendant's vehicle as he was driving away from the apartment where the sale occurred.  Before pulling over his vehicle, defendant threw cocaine out the window.  The police recovered that cocaine and charged defendant with both the sale and possession of a controlled substance.

Prior to defendant's entry of a plea to counts one and two of the indictment in satisfaction of the remaining counts, the prosecutor stated the terms of the plea offer on the record.  With respect to sentencing, the prosecutor stated that, if defendant "could come up

with $5,000 in cash that he would forfeit," he would be sentenced as a second felony offender to concurrent terms of five years in prison and three years of postrelease supervision. The prosecutor further stated, "If he does not come up with the $5,000 cash," or if he failed to appear for sentencing or was re-arrested, "then all bets would be off and [the court] might be inclined to give him 10 years in prison." Defendant was also asked to forfeit the vehicle he was driving when he was arrested. The court then asked defendant whether he wished to accept the plea offer, and defendant responded in the affirmative. Before accepting the plea, the court noted that defendant's aunt had posted $5,000 in cash for defendant's bail, and inquired whether that "might be the source of the funds" to be forfeited. "That's possible," defense counsel answered, "and if it is, I'll prepare the necessary paperwork to have that happen." Defendant proceeded to plead guilty.

At sentencing, the bailor signed over the bail money to the Geneva Police Department, and defendant executed a "Waiver and Assignment" form (waiver form). In the waiver form, defendant acknowledged that he may become liable for the forfeiture of $5,000 and his vehicle due to his "action," and stated that, to avoid a lawsuit filed against him pursuant to CPLR article 13, he agreed to forfeit $5,000 and his vehicle to the Geneva Police Department. Defendant also agreed in the waiver form to waive his right to challenge the forfeiture on appeal or in a collateral proceeding.

Before imposing the agreed-upon sentence, the court expressed its appreciation to defendant for making amends for his crime "by making restitution, the waivers, so forth." The court was apparently referring to the forfeiture, inasmuch as the People did not request restitution and defendant did not agree to pay it. According to the presentence report, the only request for restitution came from the arresting officer, who sought the return of the $80 obtained by defendant from the informant in the controlled drug transaction. Nevertheless, the certificate of conviction states that defendant was ordered to pay restitution of $5,000. On appeal, defendant asks us to vacate the forfeiture of funds. He does not challenge the forfeiture of his vehicle.

As a preliminary matter, we note that no order or judgment of forfeiture was issued by the court. In addition, there is no indication in the record that the People filed the waiver form with the clerk of the court along with "an affidavit from the claiming authority that written notice of the stipulation or settlement agreement, including the terms of such," was given to the office of victim services, the state division of criminal justice services and the state division of substance abuse services, as required by CPLR 1311 (11) (a). It thus does not appear that the People complied with the civil forfeiture procedures set forth in CPLR article 13-A, nor did the People comply with the criminal forfeiture procedures set forth in Penal Law article 480.

Apart from the procedural irregularities, however, is the absence of any apparent nexus between defendant's crimes and the forfeited

funds.  Pursuant to CPLR article 13-A, a district attorney or attorney general, as "the appropriate claiming authorit[ies]," may recover from a criminal defendant money or property that constitutes the proceeds, substituted proceeds, or an instrumentality of a crime or the real property instrumentality of a crime (CPLR 1311 [1]; *see Kuriansky v Bed-Stuy Health Care Corp.*, 135 AD2d 160, 164, *affd* 73 NY2d 875; *Hynes v Iadarola*, 221 AD2d 131, 133-134; *see also* Penal Law § 480.05 [1]).  Under CPLR 1311 (1) (a), the proceeds of "criminal activity arising from a common scheme or plan of which [the defendant's criminal] conviction is a part" are also subject to forfeiture (CPLR 1311 [1] [a]).  "CPLR article 13-A is based on the 'fundamental equitable principle' . . . that '[n]o one shall be permitted to profit by [that person's] own fraud, or to take advantage of [that person's] own wrong, or to found any claim upon [that person's] own iniquity, or to acquire property by [that person's] own crime' " (*Hynes*, 221 AD2d at 133-134).

Here, the forfeited funds were not the proceeds of the crimes with which defendant was charged, nor is there any indication that the funds were derived from uncharged criminal activity in which defendant engaged.  Defendant did not possess the funds when he was arrested and, in fact, it appears from the record that the forfeited funds did not belong to him but to the person who posted bail on his behalf.  Notably, the People do not contend otherwise.  Rather, they rely solely on the waiver form, contending that defendant thereby waived his right to appeal with respect to the forfeiture.  We reject that contention.  In our view, it cannot be said that defendant voluntarily signed the waiver form given that the People, with the court's imprimatur, essentially threatened to double his sentence if he failed to do so.  We thus conclude that the waiver of the right to challenge the forfeiture on appeal is invalid (*see generally People v Lopez,* 6 NY3d 248, 256).

With respect to the merits, we conclude under the circumstances of this case that the forfeiture should be vacated and the funds returned to the bailor.  The conditioning of defendant's sentence upon his ability to procure funds for forfeiture creates an unacceptable appearance of impropriety, i.e., that funds were extorted from defendant or the person who posted his bail by threatening defendant with a more severe sentence.  It may also appear that defendant was allowed to "buy" a more lenient sentence by donating money to the local police department.

We recognize that forfeiture may be a lawful component of a negotiated plea agreement under certain circumstances not present here (*see People v Abruzzese,* 30 AD3d 219, *lv denied* 7 NY3d 784; *People v Sczepankowski*, 293 AD2d 212, *lv denied* 99 NY2d 564).  In *Abruzzese* and *Sczepankowski*, however, the money forfeited was seized from the defendants when they were arrested.  Here, as noted, the forfeited funds have no apparent relation to defendant's crimes, which in turn gives rise to the aforementioned appearance of impropriety.  We therefore vacate the forfeiture, without prejudice to the People's commencement of an action for forfeiture pursuant to CPLR article 13-A within the applicable statute of limitations (*see* CPLR 1311 [1]).

Finally, we reject defendant's remaining contention that the sentence is unduly harsh or severe.