The People of the State of New York, Respondent,
against
Cory Terry, Appellant.




New York City Legal Aid Society, (Joanne Legano Ross of counsel), for appellant.
Kings County District Attorney, (Leonard Joblove , Keith Dolan and John C. Carroll of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Matthew A. Sciarrino, Jr., J.), rendered May 12, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree.




ORDERED that the appeal is dismissed.
Defendant and another individual were arrested and charged in an accusatory instrument with two felonies, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and one misdemeanor, criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).
On May 12, 2015, defendant appeared before Judge Matthew A. Sciarrino, Jr. in Criminal Court, Kings County, and defendant's counsel told the court that the case had been on for a possible disposition, which included forfeiture of $1,521. Counsel stated that defendant was definitely interested in the offer by the People, "except that we're having discussions about" the forfeiture. The prosecutor told the court that the offer was a plea to a class A misdemeanor, to "a conditional discharge, 20 days community service, $1,521 in forfeiture." The prosecutor later agreed to reduce the amount of community service to 15 days.
At a second call of the case, defendant's counsel indicated that he had discussed the case with defendant, and that defendant "does not want to face the risk of indictment because of a battle over the forfeiture of the funds." Thus, defendant was prepared to accept the People's offer. The court agreed to the People's request to dismiss the two felony charges. Defendant then withdrew his plea of not guilty and pleaded guilty to the class A misdemeanor of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Defendant [*2]agreed with the court that, by entering into the plea, he was giving up his right to a trial, at which the People would have to prove his guilt beyond a reasonable doubt, and all of his trial rights, including the right to remain silent. Defendant admitted that, on March 10, 2015, he had possessed crack cocaine. The court accepted the plea. The court then stated, "[l]et me know when the forfeiture paperwork is done and I'll sentence your client." The prosecutor stated, "[w]e've received the signed forfeiture paperwork." The court immediately imposed its sentence, a conditional discharge and 15 days of community service.
Although defendant appealed from "each and every part" of the judgment of conviction, in his brief on appeal he raises issues only with respect to the forfeiture of $1,521. He contends that a court can direct a forfeiture only where a defendant pleads guilty to a controlled substance offense which constitutes a felony (see Penal Law § 480.05; People v Sturm, 41 Misc 3d 1203[A], 2013 NY Slip Op 51570[U] [Justice Ct, Village of Red Hook, Dutchess County 2013]), and, even if forfeiture were authorized by statute, defendant did not voluntarily consent to the forfeiture. Defendant's counsel indicated at the plea and sentence proceeding that defendant "does not want to face the risk of indictment because of a battle over the forfeiture of the funds." Defendant argues that this was an "equivocal statement" that "casts doubt on whether [defendant] voluntarily consented to the forfeiture as part of his plea." Consequently, the Criminal Court "should have questioned [defendant] with regard to whether his consent to the forfeiture was voluntary," and "the court's reference to the execution of the forfeiture document was not sufficient to establish that [defendant] had knowingly and voluntarily agreed to forfeit the funds."
The People essentially argue that the forfeiture issue is not properly before the Appellate Term, as "the forfeiture was not part of the judgment of conviction, and the [Criminal C]ourt made no forfeiture determination as part of defendant's sentence. Instead, the forfeiture agreement that defendant executed at the time of his plea and sentencing was a civil contract in which he agreed to settle the People's potential civil claim for forfeiture, pursuant to" CPLR article 13-A, "and defendant's execution of the forfeiture agreement was a condition of the People's consent to the negotiated plea. The Criminal Court was not a party to this agreement between defendant and the People."
The plea allocution indicates that the court did not order any forfeiture, and the forfeiture agreement was not part of the sentence imposed. Thus, the forfeiture was not made part of the judgment of conviction, but, rather, it was a voluntary settlement of a potential civil proceeding pursuant to article 13-A of the CPLR. Under the circumstances, the forfeiture is not reviewable on an appeal from the judgment of conviction (see People v Anderson, 138 AD3d 876 [2016]; People v Abruzzese, 30 AD3d 219 [2006]; People v Sczepankowski, 293 AD2d 212, 214 [2002]; cf. People v Burgos, 129 AD3d 627 [2015]; People v Carmichael, 123 AD3d 1053 [2014]).
As no issue is raised with respect to the judgment of conviction, the appeal is dismissed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 04, 2018