People v Mitchell (2020 NY Slip Op 04029)





People v Mitchell


2020 NY Slip Op 04029


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


345.1 KA 20-00442

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC MITCHELL, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Erie County Court (Sheila A. DiTullio, J.), rendered October 10, 2017. Defendant was resentenced upon his conviction of criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the resentence so appealed from is unanimously modified on the law by vacating the forfeiture of $2,207, and as modified the resentence is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a controlled substance in the third degree (Penal Law
§ 220.16 [1], [12]) and, in appeal No. 2, defendant appeals from the resentence on that conviction. We note at the outset that, inasmuch as the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence must be dismissed (see People v Primm, 57 AD3d 1525, 1525 [4th Dept 2008], lv denied 12 NY3d 820 [2009]). In addition, although the notice of appeal in appeal No. 1 relates to the judgment rendered on July 25, 2017, and not the resentence on October 10, 2017, we exercise our discretion to treat the notice of appeal as also including an appeal from the resentence (see People v Hennigan [appeal No. 1], 145 AD3d 1528, 1528 [4th Dept 2016], lv denied 29 NY3d 998 [2017]; see also CPL 460.10 [6]).
In appeal No. 1, defendant contends that County Court erred in refusing to suppress evidence obtained during a search of his apartment on the ground that the search warrant for his apartment was issued by a court without preliminary jurisdiction to do so (see CPL 1.20 [25]; 690.35 [2] [a]). We agree with defendant that the waiver of his right to appeal is invalid and thus does not preclude us from reviewing that contention (see People v Thomas, 34 NY3d 545, 565-566 [2019]). We nevertheless conclude that defendant explicitly waived that contention, which implicates a court's preliminary jurisdiction as opposed to a court's trial jurisdiction, inasmuch as defense counsel informed the court at a prior appearance that he did not intend to make a motion on the ground that the issuing court lacked such authority here (cf. People v Jackson, 18 NY3d 738, 741 [2012]; see also CPL 1.20 [24-25]; People v Hickey, 40 NY2d 761, 762 [1976]; see generally People v Jones, 79 AD3d 1665, 1665 [4th Dept 2010]).
We agree with defendant in appeal No. 2, however, that the court erred in ordering civil forfeiture as a component of defendant's resentence (see People v Carmichael, 123 AD3d 1053, 1053 [2d Dept 2014]; People v Sanders, 289 AD2d 1019, 1020 [4th Dept 2001]). Inasmuch as that portion of the resentence is illegal (see Sanders, 289 AD2d at 1020), defendant was not required to preserve his challenge to it (see generally People v John P., 294 AD2d 951, 952 [4th Dept 2002]). We therefore modify the resentence accordingly.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court