People v Lewis (2023 NY Slip Op 06818)

People v Lewis

2023 NY Slip Op 06818

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Ind. No. 1032/17 Appeal No. 1295 Case No. 2018-04146 

[*1]The People of the State of New York, Respondent,
v
Saul Lewis, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca D. Martin of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Appeal from judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered June 18, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and sentencing him to three years' probation, unanimously dismissed.
Defendant's challenges to his voluntary agreement to forfeit the $1,175 seized from his apartment at the time of his arrest are not properly before this Court because the forfeiture was not part of the judgment of conviction (compare People v Abruzzese, 30 AD3d 219, 220 [1st Dept 2006], lv denied 7 NY3d 784 [2006], with People v Detres-Perez, 127 AD3d 535 [1st Dept 2015], lv denied 25 NY3d 1162 [2015]). The court did not order any forfeiture, and the agreement was not part of the sentence (cf. People v Burgos, 129 AD3d 627, 627-628 [1st Dept 2015], lv denied 26 NY3d 1038 [2015]). Rather, the forfeiture was "based on a voluntary settlement of a potential, separate civil proceeding, which would be governed by the CPLR" (Abruzzese, 30 AD3d at 220). Because no other issues are raised with respect to the judgment of conviction, the appeal is dismissed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023