People v Marte-Flores (2024 NY Slip Op 51392(U))

[*1]

People v Marte-Flores (Jefry)

2024 NY Slip Op 51392(U)

Decided on October 10, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

571189/18

The People of the State of New York, Respondent, 
against
Jefry Marte-Flores, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J.), rendered October 11, 2018, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.
Appeal from judgment of conviction (Bahaati E. Pitt, J.), rendered October 11, 2018, dismissed.
Defendant's challenges to his voluntary agreement to forfeit the $2,293 seized from him at the time of his arrest are not properly before this Court because the forfeiture was not part of the judgment of conviction (see People v Lewis, 222 AD3d 600 [2023], lv denied 41 NY3d 1019 [2024]; People v Abruzzese, 30 AD3d 219, 220 [2006], lv denied 7 NY3d 784 [2006]). The court did not order any forfeiture, and the agreement was not part of the sentence (cf. People v Burgos, 129 AD3d 627, 627-628 [2015], lv denied 26 NY3d 1038 [2015]). Rather, the forfeiture was based on a voluntary settlement of a potential, separate civil proceeding, which would be governed by the CPLR (People v Abruzzese, 30 AD3d at 220).
Were we not dismissing the forfeiture aspect of the appeal, we would affirm on the ground that defendant validly waived his right to raise any appellate challenge to the forfeiture agreement (see People v Abruzzese, 30 AD3d at 220). In any event, defendant's claims are unpreserved (see People v Burgos, 129 AD3d at 628), and we decline to reach them in the interest of justice. Because no other issues are raised with respect to the judgment of conviction, the appeal is dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 10, 2024