People v Jefferson (2024 NY Slip Op 06547)

People v Jefferson

2024 NY Slip Op 06547

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 61/19 Appeal No. 3325 Case No. 2021-04142 

[*1]The People of the State of New York, Respondent,
v
Shamar Jefferson, Appellant.

Twyla Carter, The Legal Aid Society, New York (Jane White of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Appeal from judgment, Supreme Court, Bronx County (Nicholas J. Iocavetta, J., at plea; Judith Lieb, J., at sentencing), rendered October 29, 2021, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of two years, unanimously dismissed.
Defendant's challenges to his voluntary agreement to forfeit the $80 seized from his person at the time of his arrest are not properly before this Court because the forfeiture was not part of the judgment of conviction (compare People v Abruzzese, 30 AD3d 219, 220 [1st Dept 2006], lv denied 7 NY3d 784 [2006], with People v Detres-Perez, 127 AD3d 535 [1st Dept 2015], lv denied 25 NY3d 1162 [2015]). The court did not order any forfeiture, and the agreement was not part of the sentence (cf. People v Burgos, 129 AD3d 627, 627-628 [1st Dept 2015], lv denied 26 NY3d 1038 [2015]). Rather, the forfeiture was "based on a voluntary settlement of a potential, separate civil proceeding, which would be governed by the CPLR" (People v Lewis, 222 AD3d 600, 600-601 [1st Dept 2023], lv denied 41 NY3d 1019 [2024]; People v Abruzzese, 30 AD3d at 220). Because no other issues are raised with respect to the judgment of conviction, the appeal is dismissed.
Were we not dismissing the appeal, we would affirm on the ground of defendant's valid waiver of his right to appeal and his waiver of his right to raise any appellate challenge to the forfeiture agreement (see People v Sanchez, 223 AD3d 482 [1st Dept 2024], lv denied 41 NY3d 1020 [2024]; People v Abruzzese, 30 AD3d at 220). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024