People v Melendez (2025 NY Slip Op 06289)

People v Melendez

2025 NY Slip Op 06289

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Ind. No. 2829/16|Appeal No. 5185|Case No. 2019-2288|

[*1]The People of the State of New York, Respondent,
v
Gudberto Melendez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Mariel Stein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Denise Dominguez, J., on search warrant application; Alberto Lorenzo, J., at plea and sentencing), rendered May 1, 2017, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him to a term of probation of three years, unanimously affirmed. Purported appeal from forfeiture agreement, unanimously dismissed, as taken from a nonappealable paper.
Defendant's waiver of his right to appeal was invalid because the court never advised defendant of the consequences of the appeal waiver, explained that the right to appeal was separate and distinct from the rights automatically waived by a guilty plea, or confirmed that defendant understood the rights that he was waiving by signing the written waiver (see People v Bradshaw, 18 NY3d 257, 264 [2011]). Nevertheless, we find that the court properly denied defendant's suppression motion, as the property seized was recovered pursuant to a search warrant issued on probable cause (see People v Bigelow, 66 NY2d 417, 423 [1985]). Defendant's claim that the court should have conducted a Darden hearing is unpreserved and unavailing because defendant did not contest the existence of the confidential informant or the accuracy of the police testimony supporting the warrant. Defendant's challenge to the protective order is also unpreserved and unavailing because the court issued the protective order on good cause to protect the confidential informant (see People v Davis, 144 AD3d 1188, 1190 [3d Dept 2016], lv denied 28 NY3d 1144 [2017]).
Defendant's challenges to his voluntary agreement to forfeit $6,982 seized from his apartment pursuant to a valid search warrant are not properly before this Court because the forfeiture was not part of the judgment of conviction (compare People v Abruzzese, 30 AD3d 219, 220 [1st Dept 2006], lv denied 7 NY3d 784 [2006], with People v Detres-Perez, 127 AD3d 535 [1st Dept 2015], lv denied 25 NY3d 1162 [2015]). The court did not order any forfeiture, and the agreement was not part of the sentence (cf. People v Burgos, 129 AD3d 627, 627-628 [1st Dept 2015], lv denied 26 NY3d 1038 [2015]). Rather, the forfeiture was "based on a voluntary settlement of a potential, separate civil proceeding, which would be governed by the CPLR" (People v Lewis, 222 AD3d 600, 600-601 [1st Dept 2023], lv denied 41 NY3d 1019 [2024]; Abruzzese, 30 AD3d at 220). Were we not dismissing this aspect of the appeal, we would affirm on the ground of defendant's valid waiver of his right to raise any appellate challenge to the forfeiture agreement (see People v Sanchez, 223 AD3d 482, 483 [1st Dept 2024], lv denied 41 NY3d 1020 [2024]; Abruzzese, 30 AD3d at 220). In any event, defendant's claims are unpreserved (see Burgos, 129 AD3d at 628), and we decline to review them in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025