People v Rodriguez (2026 NY Slip Op 01018)

People v Rodriguez

2026 NY Slip Op 01018

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 2231/15|Appeal No. 5923|Case No. 2018-366|

[*1]The People of the State of New York, Respondent,
vRenÉ Rodriguez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Elliott of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Addison Eisley of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered April 27, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of four years, unanimously affirmed.
Defendant claims that the court's imposition of the mandatory surcharge and fees constituted a breach of his plea agreement because he was not informed that he would be assessed these fees prior to the entry of his plea. Regardless of the validity the appeal waiver (see People v Lemos, 34 AD3d 343, 343 [1st Dept 2006], lv denied 8 NY3d 924 [2007]), this claim is unpreserved, and we decline to review it in the interest of justice (see People v Prihett, 279 AD2d 335 [1st Dept 2001]). In any event, defendant's claim is unavailing. "The mandatory surcharge, crime victim assistance fee and DNA databank fee are not components of a defendant's sentence" and a failure to pronounce the surcharge and fees prior to a defendant's entry of a plea does not "deprive the defendant of the opportunity to knowingly, voluntarily and intelligently choose among alternative courses of action" (People v Hoti, 12 NY3d 742, 743 [2009], citing People v Guerrero, 12 NY3d 45 [2009]; People v Henderson, 67 AD3d 426 [1st Dept 2009], lv denied 14 NY3d 841 [2020]; cf. People v Catu, 4 NY3d 242, 245 [2005]). Nothing in the record suggests that defendant was induced to accept a plea by the promise of a waiver of any surcharge or fees (Prihett, 279 AD2d at 335). Further, the imposition of the surcharge and fees is mandatory (Penal Law § 60.35; CPL 420.35[2]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026