■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID D. CARMICHAEL, Appellant. [999 NYS2d 476]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered September 19, 2013, convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and sentencing him as a second felony offender to an indeterminate term of three to six years imprisonment, and a forfeiture of his mobile telephone and $900 cash.

Ordered that the judgment is modified, on the law, by vacating the portion of the sentence which imposed the forfeiture of the defendant's mobile telephone and $900 cash; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for further proceedings consistent herewith.

In appropriate circumstances, the voluntary settlement of a potential civil forfeiture action pursuant to CPLR article 13-A (see CPLR 1311) may be made a lawful condition of a negotiated plea (see CPL 220.50 [6]), and an order of forfeiture pursuant to a valid settlement of a civil forfeiture claim may be included as part of the judgment of conviction (see Penal Law § 60.30). Civil forfeiture, however, is not an authorized component of a criminal sentence.

Here, the plea minutes do not reflect that the defendant voluntarily agreed to the civil forfeiture of his mobile telephone and $900 cash as a condition of the plea (see People v McCoy, 96 AD3d 1674 [2012]). Then, when the defendant refused to sign the forfeiture documents at the time of sentencing, the County Court improperly imposed civil forfeiture as a portion of the criminal sentence. Accordingly, under the particular circumstances of this case, as the defendant correctly contends, the portion of the sentence which imposed the civil forfeiture of the defendant's mobile telephone and $900 cash must be vacated (see People v Smith, 100 AD3d 936 [2012]). As the People correctly assert, a plenary CPLR article 13-A civil forfeiture action remains available, at the discretion of the Dutchess County District Attorney, as the claiming authority, for five years after the commission of the crime (see CPLR 1310 [11]; 1311 [1]). However, presently, in the absence of a civil judgment in such an action, the defendant's property must be restored to him.

The sentence of imprisonment imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.