■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [999 NYS2d 414]—

Judgments, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered July 5, 2011, convicting defendant, upon his pleas of guilty, of petit larceny and unauthorized use of a vehicle in the third degree, and sentencing him to concurrent terms of one year and four months, respectively, unanimously affirmed.

The misdemeanor information alleging unauthorized use of a vehicle in the third degree was not jurisdictionally defective. Defendant's employer at the time of the incident alleged that he was the lawful owner of the vehicle, that he gave defendant the keys to the vehicle to make deliveries in the morning and early afternoon of the date of the incident, and that he instructed defendant to return the keys by 2:00 p.m. The owner further alleged that he saw defendant in possession of the keys at 9:30 p.m. that day. Defendant's possession of the keys after the time he was supposed to have returned them established that he exercised control over or otherwise used the vehicle (*see People v McCaleb*, 25 NY2d 394, 399 [1969]). The allegation that defendant exercised control over the van without the owner's consent raised a presumption that he knew that he did not have such consent (*see* Penal Law § 165.05 [1]), and such knowledge was also supported by the owner's instruction to defendant. Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO RODRIGUEZ, Appellant. [997 NYS2d 316]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered August 1, 2012, convicting defendant, upon his plea of guilty, of criminal possession of marijuana in the fourth degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of three years' probation and forfeiture of $173, unanimously affirmed.

Although Penal Law § 480.00 applies only to felony convictions, the forfeiture in this matter, where the special narcotics indictment charged defendant with misdemeanors, was authorized by CPL 220.50 (6), because it was an agreed upon condition of a plea to an indictment (*see People v Escaloria*, 119 AD3d 707 [2d Dept 2014]). We have considered and rejected defendant's remaining arguments. Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.