DeGrasse, J.,
dissents in a memorandum as follows: On this appeal, defendant seeks to challenge his forfeiture of $34,505 pursuant to a written stipulation that he signed on the date of his sentence. Defendant contends that the forfeiture was not carried out in the manner prescribed by Penal Law § 480.10. Accordingly, he argues that “[b]ecause the forfeiture mandate was not authorized as a matter of law, the judgment should be modified on the law by vacating the forfeiture of appellant’s money.” The stipulation was so-ordered by the court and contains a recital that the money was subject to forfeiture as “a condition of defendant’s plea.” Nonetheless, I dissent and would dismiss this appeal because I disagree with the majority’s premise that the forfeiture was part of the judgment of conviction.
“No appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute” (People v Pagan, 19 NY3d 368, 370 [2012] [internal quotation marks and citation omitted]). As relevant here, CPL 450.10 authorizes a defendant to appeal only from a judgment rendered in a criminal case (see People v Smith, 15 NY3d 669, 673 [2010]). “A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence” (id. [internal quotation marks and citation omitted]). For the reasons stated below, the forfeiture, which defendant asks us to vacate, was not part of his guilty plea or his sentence. Accordingly, it was not part of a judgment of conviction within the contemplation of CPL 1.20 (15) and 450.10.
As demonstrated by the minutes, the forfeiture was not mentioned at all during defendant’s January 11, 2011 plea colloquy. Therefore, it could not have been part of the plea. Nor was the forfeiture part of the January 26, 2011 sentence since it was not included as part of the court’s pronouncement of sentence. CPL 380.20 and 380.40 (1) collectively require that courts pronounce sentence in every case where a conviction is entered (see People v Sparber, 10 NY3d 457, 470 [2008]). This *630 means that a forfeiture of property would have to be included as part of the sentence pronounced in order to be regarded as such (cf. People v Guerrero, 12 NY3d 45, 47 [2009] [finding that the mandatory surcharge and crime victim assistance fee need not be pronounced by judge at sentencing proceeding]). As shown by the minutes, the only reference to the forfeiture on the sentencing day was the following:
“[PROSECUTOR]: People rely on the promise. I believe forfeiture was part of the agreed upon sentence.
“[DEFENSE COUNSEL]: It was not.
“[THE COURT]: I don’t recall.
“[DEFENSE COUNSEL]: Based on my memory and file that was never discussed.
“[THE COURT]: What is the amount?
“[PROSECUTOR]: Thirty four thousand five hundred dollars.
“[THE COURT]: Pretty significant.
“[DEFENSE COUNSEL]: Can I have the forfeiture agreement?
“[PROSECUTOR]: Yes.
“[DEFENSE COUNSEL]: Judge, I am handing up the executed forfeiture agreement.”
There was no other mention of the forfeiture during the sentencing. The foregoing colloquy does not approach a pronouncement of the forfeiture as part of the sentence as required under CPL 380.20 and 380.40 (1). For this reason and because of its omission from the plea colloquy, the forfeiture is not part of the judgment of conviction. Also, the fact that the stipulation apparently did not surface and was not executed until the sentencing date further refutes any argument that it was a condition of the plea. Moreover, the stipulation contains no reference to, let alone a recital that it was to be made part of defendant’s sentence. The majority posits that “the court’s so-ordering of the stipulation at the time of sentencing rendered it part of the judgment of conviction.” However, the majority stops short of attributing the forfeiture to either the plea or the sentence. By operation of CPL 1.20 (15) and 450.10, it must be part of one or both to be appealable as of right.
This case is controlled by People v Abruzzese (30 AD3d 219 [1st Dept 2006], lv denied 7 NY3d 784 [2006]) in which we dismissed an appeal on the ground that the forfeiture in that case was not part of the judgment of conviction. To be specific, in Abruzzese, we dismissed a “[p]urported appeal from [a] for *631 feiture agreement ... as taken from a nonappealable paper” (id. at 220). The same unavailable relief is sought here inasmuch as defendant’s opening brief calls for an order “vacating the forfeiture of money recovered from appellant.” Significantly, the forfeiture requirement does not appear on defendant’s “Uniform Sentence and Commitment” form (commitment sheet). This omission confirms my belief that it is not part of the judgment of conviction (see Smith, 15 NY3d at 674 [analogous omission from a commitment sheet confirmed the Court’s conclusion that requirements of registration and notice under New York City’s Gun Offender Registration Act* were not part of a sentence]). The majority cites People v Carmichael (123 AD3d 1053 [2d Dept 2014]), in which the court held that “an order of forfeiture pursuant to a valid settlement of a civil forfeiture claim may be included as part of the judgment of conviction” (id. at 1053 [citation omitted]). The reference to Carmichael, however, merely begs the central question of how a forfeiture becomes part of a judgment. People v Detres-Perez (127 AD3d 535 [1st Dept 2015]) is distinguishable insofar as we found in that case that the “forfeiture agreement was part of the judgment of conviction” (id. at 535). As stated above, the record here supports no such finding. As the majority notes, Penal Law § 60.30 authorizes the inclusion of a forfeiture or other civil penalty as part of a judgment of conviction. The problem here is that no inclusion in a manner required by law has taken place. I find it unnecessary to address defendant’s remaining arguments in light of the fact that the appeal should have been dismissed in the first instance.

 Administrative Code of the City of New York § 10-601 et seq.