People v McKeithan (2016 NY Slip Op 01700)





People v McKeithan


2016 NY Slip Op 01700


Decided on March 9, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2013-08716
 (Ind. No. 1821/10)

[*1]The People of the State of New York, respondent,
v
William McKeithan, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Andrea M. DiGregorio and Pamela Kelly-Pincus of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gulotta, Jr., J.), rendered August 17, 2012, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. At sentencing, the Supreme Court, among other things, imposed a civil forfeiture, directing the defendant to forfeit the sum of $554 and his automobile. On appeal, the defendant contends, inter alia, that the imposition of the civil forfeiture should be vacated because his plea was induced by the court's promise at the plea proceeding not to impose a civil forfeiture.
The defendant failed to preserve his contention for appellate review, and it does not fall within the exception to the preservation rule for instances in which the sentence imposed is unlawful (see People v Samms, 95 NY2d 52, 56). Here, the defendant's sentence is lawful because the Supreme Court did not improperly make the civil forfeiture a component of the criminal sentence (see People v Carmichael, 123 AD3d 1053; see also CPLR 1311[a]). Further, we decline to invoke our interest of justice jurisdiction to review the defendant's contention that the civil forfeiture should be vacated (see People v Detres-Perez, 127 AD3d 535, 536).
To the extent that the defendant seeks to vacate his plea as involuntary based on the Supreme Court's statement that it was not going to impose a civil forfeiture, this issue also is unpreserved for appellate review (see People v Burgos, 129 AD3d 627, 628; People v Detres-Perez, 127 AD3d at 535-536; People v McNair, 79 AD3d 908, 909), and we decline to reach the issue under our interest of justice jurisdiction (see People v Burgos, 129 AD3d at 628).
The defendant's remaining contentions are without merit.
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court