■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ANDERSON, Appellant. [28 NYS3d 335]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered October 1, 2014, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not voluntarily entered is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise this issue before the County Court (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Yanez-Mejia*, 133 AD3d 801, 801 [2015]; *People v Jackson*, 114 AD3d 807, 807 [2014]). Moreover, contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d at 666; *People v Bennett*, 122 AD3d 871, 872 [2014]; *People v Lujan*, 114 AD3d 963, 964 [2014]; *People v Nilsen*, 114 AD3d 706, 706 [2014]). In any event, the claim is meritless. The record of the plea proceedings demonstrates that the defendant's plea was knowing, voluntary, and intelligent (*see People v Yanez-Mejia*, 133 AD3d 801 [2015]; *People v Statini*, 117 AD3d 1089, 1090 [2014]). The defendant's conclusory allegation that he was confused at the time of the plea is belied by his lucid and appropriate responses during the plea allocution (*see People v Miranda*, 67 AD3d 709, 710 [2009]; *People v Wager*, 34 AD3d 505, 505 [2006]; *People v Matthews*, 21 AD3d 499, 500 [2005]).

The defendant's challenge to the purported forfeiture agreement that he entered into with the office of the District Attorney is not reviewable on this appeal, since the record does not establish that the forfeiture agreement was made a part of the judgment of conviction (*see* Penal Law § 60.30; *compare People v Abruzzese*, 30 AD3d 219 [2006], *with People v Detres-Perez*, 127 AD3d 535, 535-536 [2015]; *see also People v Burgos*, 129 AD3d 627, 627 [2015]; *People v Carmichael*, 123 AD3d 1053, 1053 [2014]). Instead, any forfeiture was based on an attempted settlement of a potential, separate civil proceeding, which would be governed by the CPLR (*see* CPLR 1311 [1]; *People v Carmichael*, 123 AD3d at 1053; *People v Abruzzese*, 30 AD3d at 219).

The defendant's remaining contention is without merit. Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.