This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------

No. 100
The People &c.,
          Respondent,
        v.
Anthony Parson, Jr.,
          Appellant.




        Deborah K. Jessey, for appellant.
        Ashley R. Lowry, for respondent.




MEMORANDUM:

        The order of the Appellate Division should be affirmed.

        Defendant was convicted, upon his guilty plea, of

criminal possession of a weapon in the second degree after the

hearing court denied his motion to suppress the loaded firearm that was seized from the rear floor of the car he was driving. The charge stemmed from a traffic stop resulting in the search of the car. Defendant claims that he was denied effective assistance of counsel based upon counsel's performance in the litigation of the suppression motion. The record does not support defendant's contention.

In a plea context, where, as here, the voluntariness of the guilty plea is not in dispute, "the defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial,'" or that the outcome of the proceedings would have been different (People v Hernandez, 22 NY3d 972, 975 [2013], quoting Hill v Lockhart, 474 US 52, 59 [1985]). On this record, it is evident that defendant's motion to suppress the gun that was recovered during defendant's encounter with the police, if granted, would have resulted in the dismissal of the indictment.

When viewed in its totality, the attorney's performance in this case throughout the proceedings, including at the suppression hearing, did not deprive defendant of "meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]). To find otherwise on this record necessitates engaging in the exact form of hindsight review that this Court has cautioned against in analyzing ineffective assistance of counsel claims. In determining whether a defendant received meaningful

representation, "counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective" (<u>People v Benevento</u>, 91 NY2d 708, 712 [1998]).

The record demonstrates that defense counsel conducted a competent cross-examination of the witnesses at the suppression hearing and provided the court with cogent legal arguments to support his motion to suppress the gun. This Court will not engage in the supposition and conjecture required to evaluate defendant's criticism of the scope of counsel's cross-examination at the suppression hearing. We have examined defendant's other criticisms of counsel's performance and conclude that they are without merit.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum. Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein and Garcia concur. Judge Fahey took no part.

Decided June 14, 2016