People v Valentin (2019 NY Slip Op 05166)





People v Valentin


2019 NY Slip Op 05166


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-11770
2015-11771
2015-11772

[*1]The People of the State of New York, respondent,
v
Benjamin Valentin, appellant. (Ind. Nos. 14-00165, 14-00389, 14-00432)


Anthony N. Iannarelli, Jr., New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the County Court, Orange County (Robert H. Freehill, J.), all rendered January 22, 2015, each convicting him of criminal possession of a controlled substance in the third degree, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas of guilty to criminal possession of a controlled substance in the third degree were not knowing, voluntary, and intelligent is unpreserved for appellate review, since the defendant failed to move to withdraw his pleas prior to the imposition of the sentences or otherwise raise the issue before the County Court (see People v Walton, 168 AD3d 1001). In any event, contrary to the defendant's contention, the record does not reflect equivocation or confusion on his part as to the nature or consequences of the pleas, but, rather, demonstrates that the defendant's pleas were knowing, voluntary, and intelligent (see People v Anderson, 138 AD3d 876; see also People v Rodriguez-Abreu, 170 AD3d 895).
To the extent the defendant contends that the sentences imposed were unlawful, that contention is without merit (see Penal Law §§ 60.01, 60.04, 70.45[2][b]; 70.70[2][a][1]; People v Smith, 148 AD3d 939, 940). Further, since the defendant has completed the sentences imposed, any contention that the sentences should be modified in the interest of justice has been rendered academic (see People v Raad, 166 AD3d 907, 908).
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court