People v Williams (2019 NY Slip Op 08048)





People v Williams


2019 NY Slip Op 08048


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


981 KA 18-00444

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES WILLIAMS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered October 25, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence and statements relating to the third and fourth counts of the indictment is granted, the third and fourth counts of the indictment are dismissed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the third degree (§ 220.16 [12]). The conviction of criminal possession of a weapon in the second degree arises from a police encounter during which an officer received information from an anonymous 911 call that drugs were being sold out of a vehicle. The officer arrived on the scene and observed a legally parked vehicle matching the description given by the anonymous caller and further observed defendant in a fully reclined position in the driver's seat. The officer parked his patrol car alongside defendant's vehicle in such a manner as to prevent defendant from driving away and, as the People stipulated in their post-hearing memorandum, the officer thereby effectively seized the vehicle. We agree with defendant that the police lacked reasonable suspicion to justify the initial seizure, and thus County Court erred in refusing to suppress both the tangible property seized, i.e., the weapon and marihuana found in the vehicle, and the statements defendant made to the police at the time of his arrest (see People v Jennings, 45 NY2d 998, 999 [1978]; People v Suttles, 171 AD3d 1454, 1455 [4th Dept 2019]; People v Layou, 71 AD3d 1382, 1383 [4th Dept 2010]; cf. People v Cintron, 125 AD3d 1333, 1334 [4th Dept 2015], lv denied 25 NY3d 1071 [2015]). Based on the anonymous tip and defendant's otherwise innocuous behavior (see generally People v De Bour, 40 NY2d 210, 216 [1976]; People v Riddick, 70 AD3d 1421, 1422 [4th Dept 2010], lv denied 14 NY3d 844 [2010]), the officer had, at most, a "founded suspicion that criminal activity [was] afoot," which permitted him to approach the vehicle and make a common-law inquiry of its occupants (People v Moore, 6 NY3d 496, 498 [2006]). The officer did not make any "confirmatory observations" of the criminal behavior reported by the 911 caller (People v Argyris, 24 NY3d 1138, 1140 [2014], rearg denied 24 NY3d 1211 [2015], cert denied — US &mdash, 136 S Ct 793 [2016]) and therefore did not have "a reasonable suspicion that [defendant] was involved in a felony or misdemeanor" to justify the seizure (Moore, 6 NY3d at 499; see also Layou, 71 AD3d at 1383-1384). "[B]ecause our determination results in the suppression of all evidence in support of the crimes charged" in counts three and four of the indictment, those counts must be dismissed (People v Lee, 110 AD3d 1482, 1484 [4th Dept 2013] [internal quotation marks omitted]; see People v Tisdale, 140 AD3d 1759, 1761 [4th Dept 2016]; see generally People v Finch, 137 AD3d 1653, 1655 [4th Dept 2016]). Further, although defendant's conviction of criminal possession of a [*2]controlled substance in the third degree arises from a separate search of defendant's home, the validity of which is not challenged on appeal, his plea of guilty "was expressly conditioned on the negotiated agreement that [he] would receive concurrent sentences on the separate counts to which he pleaded," and thus the plea must be vacated in its entirety (People v Clark, 45 NY2d 432, 440 [1978], rearg denied 45 NY2d 839 [1978]; see People v Massey [appeal No. 1], 112 AD2d 731, 731 [4th Dept 1985]). We therefore reverse the judgment, vacate the plea, grant that part of defendant's omnibus motion seeking to suppress the weapon, marihuana, and defendant's statements relating to the third and fourth counts of the indictment, dismiss the third and fourth counts, and remit the matter to County Court for further proceedings on the remaining counts.
Defendant's challenge to the purported agreement to forfeit the $787 recovered during the search of his vehicle is not properly before this Court because "the record does not establish that the forfeiture agreement was made a part of the judgment of conviction" (People v Anderson, 138 AD3d 876, 876 [2d Dept 2016]; see People v Abruzzese, 30 AD3d 219, 220 [1st Dept 2006], lv denied 7 NY3d 784 [2006]; cf. People v Detres-Perez, 127 AD3d 535, 535-536 [1st Dept 2015], lv denied 25 NY3d 1162 [2015]; see generally Penal Law § 60.30). Instead, any forfeiture "was based on an attempted settlement of a potential, separate civil proceeding, which would be governed by the CPLR" (Anderson, 138 AD3d at 876; see CPLR 1311 [1]; see generally Matter of James v Cattaraugus County, 101 AD3d 1674, 1674-1675 [4th Dept 2012]).
In light of our determination, we do not address defendant's
remaining contentions.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court