People v Chalen (2021 NY Slip Op 02112)





People v Chalen


2021 NY Slip Op 02112


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Ind No. 1970/16 Appeal No. 13530 Case No. 2018-214 

[*1]The People of the State of New York, Respondent,
v
James Chalen, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lauren E. Jones of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip Vyse Tisne of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 5, 2017, as amended March 3, 2017, convicting defendant, upon his plea of guilty, of attempted criminal possession of marihuana in the second degree, and sentencing him to a term of 1½ years and ordering forfeiture of $2,945, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied __ US __, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of his current challenge to the forfeiture order (see People v Lopez, 6 NY3d 248, 255-57 [2006]; People v Abruzzese, 30 AD3d 219, 220 [1st Dept 2006] lv denied 7 NY3d 784 [2006]).
Regardless of whether defendant made a valid waiver of his right to appeal, he failed to preserve any of his present arguments regarding the forfeiture order (see People v Burgos, 129 AD3d 627, 628 [1st Dept 2015], lv denied 26 NY3d 1038 [2015], and we decline to review them in the interest of justice. Defendant's central claim is that the forfeiture was unauthorized by law because the forfeited cash was not proven to be the proceeds of the crime of which defendant was convicted. This claim does not fall within the exception to the preservation rule concerning the legality of a sentence. To the extent it may be analogized to a claim of evidentiary insufficiency, such claims are normally waivable (see e.g. People v Gray, 86 NY2d 10, 20-22 1995]).
As an alternative holding, we find that at the time of defendant's plea, CPLR article 13-A authorized the forfeiture in this case, and defendant stipulated that the funds were subject to forfeiture under that article. Defendant has not established any ground for relieving him of the consequences of his stipulation. We similarly reject defendant's remaining challenges to the forfeiture, including his claim that it constituted an excessive fine.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021