People v Tindley (2022 NY Slip Op 00886)





People v Tindley


2022 NY Slip Op 00886


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-01439
2020-08832
 (Ind. No. 2105/16)

[*1]The People of the State of New York, respondent,
v
Brian Tindley, appellant.


Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Emily Aguggia of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered October 5, 2017, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court (Ushir Pandit-Durant, J.) dated October 2020, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
The defendant pleaded guilty to criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the second degree, predicated upon the recovery of cocaine and a gun from his property pursuant to search warrants. He thereafter moved pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction, asserting that he was denied the effective assistance of counsel because, inter alia, his former counsel did not request and review the search warrant affidavits, move to controvert the search warrants, or advise him before he pleaded guilty that challenging the legality of the search warrants was an option. In an order dated October 2020, the Supreme Court denied the defendant's motion without a hearing. A Justice of this Court granted the defendant leave to appeal from the order.
A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty (see People v Flinn, 188 AD3d 1093, 1094; People v Hungria, 161 AD3d 1007, 1008). "Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Bodden, 82 AD3d 781, 783, quoting Strickland v Washington, 466 US 668, 694; see People v Robinson, 163 AD3d 1002, 1002). Under the New York standard, a court must examine whether "'the evidence, the law, and the circumstances of a [*2]particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Oliveras, 21 NY3d 339, 346, quoting People v Baldi, 54 NY2d 137, 147; see People v Benevento, 91 NY2d 708, 712). "In cases asserting ineffective assistance of counsel in the context of a guilty plea, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different'" (People v Flinn, 188 AD3d at 1094, quoting People v Parson, 27 NY3d 1107, 1108; see People v Saunders, 193 AD3d 766, 768).
Defense counsel's "investigation of the law, the facts, and the issues that are relevant to the case" is "[e]ssential to any representation, and to the attorney's consideration of the best course of action on behalf of the client" (People v Oliveras, 21 NY3d at 346). Accordingly, a defendant's right to representation entitles him or her "'to have counsel conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself [or herself] time for reflection and preparation for trial'" (id., quoting People v Bennett, 29 NY2d 462, 466; see People v Davis, 193 AD3d 967, 970). Here, the defendant's averments in his affidavit, along with other evidence submitted in support of his motion, were sufficient to warrant a hearing on the issue of whether his former counsel was ineffective for failing to conduct an appropriate investigation to determine whether pretrial motions concerning the search warrants should be made, and failing to advise him of potential challenges to the legality of the search warrants before he pleaded guilty to possession counts predicated on physical evidence recovered pursuant to the warrants (see People v Flinn, 188 AD3d at 1094-1095; People v Balcerak, 144 AD3d 833, 834; see also People v Caldavado, 26 NY3d 1034, 1037; cf. People v Wright, 27 NY3d 516, 522).
Accordingly, we reverse the order and remit the matter to the Supreme Court, Queens County, for a hearing and a new determination thereafter of the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction (see People v Bernard, 195 AD3d 740; People v Picca, 97 AD3d 170, 188). Under the particular circumstances of this case, we direct the Supreme Court to issue an order directing the People to provide defense counsel, prior to such hearing, with copies of the search warrant materials at issue, with redactions that protect the identity of the confidential informant (see People v Lambey, 176 AD3d 1232, 1234; see also CPL 245.20[1][c], [n]).
The defendant's challenge on direct appeal from the judgment of conviction to the imposition of a civil forfeiture of currency is unpreserved for appellate review (see People v McKeithan, 137 AD3d 943, 944; People v Burgos, 129 AD3d 627, 628), and we decline to review it in the exercise of our interest of justice jurisdiction (see People v McKeithan, 137 AD3d at 944).
The remaining contention raised by the defendant on direct appeal does not require reversal.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court