People v Leshore (2022 NY Slip Op 05333)

People v Leshore

2022 NY Slip Op 05333

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2019-00387
 (Ind. No. 164/17)

[*1]The People of the State of New York, respondent,
v
Vernon Leshore, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Marina Arshakyan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered November 27, 2018, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. "A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of discretion" (People v Boria, 157 AD3d 811, 811; see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Street, 144 AD3d 711, 711-712; People v Jemmott, 125 AD3d 1005, 1006). "'Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement'" (People v Boria, 157 AD3d at 811, quoting People v Smith, 54 AD3d 879, 880; see People v Tomlinson, 178 AD3d 967, 967). Here, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Alexander, 97 NY2d at 486).
By pleading guilty, the defendant forfeited appellate review of his claim of ineffective assistance of counsel to the extent that the claim does not directly involve the plea negotiation (see People v Boria, 157 AD3d at 812; People v Dunne, 106 AD3d 928, 928). To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that the defendant received the effective assistance of counsel (see People v Penaranda, 178 AD3d 858, 858; People v Boria, 157 AD3d at 812).
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court