People v Gaddy (2023 NY Slip Op 06170)

People v Gaddy

2023 NY Slip Op 06170

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

113139
[*1]The People of the State of New York, Respondent,
v
Breonna Gaddy, Appellant.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Adam G. Parisi, Schenectady, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered February 25, 2021, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant pleaded guilty to a superior court information charging her with criminal possession of a controlled substance in the third degree. Pursuant to the terms of the plea agreement, sentencing was left to County Court's discretion. Defendant was advised that a failure to appear for sentencing would negatively impact her sentence. Defendant thereafter failed to appear and a bench warrant was issued for her arrest. When defendant was eventually returned to court, County Court sentenced her, as a second felony offender, to six years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
We find merit to defendant's argument that County Court erred in ordering forfeiture of $832 at the time of sentencing. A negotiated plea to a count in an indictment or superior court information may include civil forfeiture of the instrumentality or proceeds of the crime, "if the defendant and prosecutor agree that as a condition of the plea or the superior court information certain property shall be forfeited by the defendant" (CPL 220.50 [6] [emphasis added]; see CPLR article 13-A; People v Rodriguez, 123 AD3d 631, 631 [1st Dept 2014], lv denied 25 NY3d 1206 [2015]). After outlining County Court's various sentencing options on the record, the prosecutor stated that the People would "be requesting voluntary forfeiture of all money that was seized at the time of the arrest, which totaled $832 in US currency." Defendant was then placed under oath and asked by the court: "you've heard what was discussed by the district attorney as far as options the [c]ourt would have as available sentences based upon a plea of guilty in this case?" Defendant answered in the affirmative. The court then asked her, "[d]o you understand those options?" and defendant indicated that she did. At no point did defendant agree to forfeiture (see People v Carmichael, 123 AD3d 1053, 1053 [2d Dept 2014]).[FN1] Compounding the problem, County Court incorrectly made forfeiture a component of defendant's sentence, rather than entering an order of forfeiture, which is a separate component of the judgment of conviction (see Penal Law § 60.30; People v Miller, 137 AD3d 1485, 1486 [3d Dept 2016]; People v Burgos, 129 AD3d 627, 627-628 [1st Dept 2015], lv denied 26 NY3d 1038 [2015]; People v Carmichael, 123 AD3d at 1053). Given the foregoing errors, which bear no preservation requirement (see People v Mitchell, 185 AD3d 1410, 1411 [4th Dept 2020]; cf. People v Monk, 189 AD3d 1970, 1972 [3d Dept 2020], lv denied 37 NY3d 958 [2021]; People v Burgos, 129 AD3d at 628), the portion of the sentence imposing forfeiture of $832 in US currency must be vacated.
As to defendant's challenge to the severity of her sentence, upon review of the [*2]record and considering all of the relevant circumstances, we do not find that the imposed sentence is unduly harsh or severe (see CPL 470.15 [6] [b]). We decline defendant's invitation to reduce the sentence in the interest of justice (see CPL 470.15 [3] [c]).
Clark, J.P., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating that portion of the sentence as imposed forfeiture of $832 in US currency, and, as so modified, affirmed.

Footnotes

Footnote 1: We are mindful that, where a defendant waives indictment and consents to be prosecuted by superior court information for a felony controlled substance offense, the People may file a special forfeiture information and follow additional procedures in order to seek forfeiture of property constituting the instrumentality or proceeds of that crime (see Penal Law §§ 480.05, 480.10). However, the People concede that they did not seek forfeiture under Penal Law article 480.