People v Sanchez (2024 NY Slip Op 00150)

People v Sanchez

2024 NY Slip Op 00150

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 876/18 Appeal No. 1414 Case No. 2020-00461 

[*1]The People of the State of New York, Respondent,
v
Ricardo Sanchez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sylvia Lara Altreuter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered June 11, 2019, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to five years' probation, unanimously affirmed. Purported appeal from forfeiture agreement, unanimously dismissed, as taken from a nonappealable paper.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The combination of the court's colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver. This waiver forecloses review of defendant's excessive sentence claim. Notwithstanding the waiver, we perceive no basis for reducing the sentence.
Defendant's challenge to his voluntary agreement to forfeit the $1,258 recovered from his person at the time of his arrest is not properly before this Court because the forfeiture was not part of the judgment of conviction (see People v Abruzzese, 30 AD3d 219, 220 [1st Dept 2006], lv denied 7 NY3d 784 [2006]; cf. People v Burgos, 129 AD3d 627 [1st Dept 2015], lv denied 26 NY3d 1038 [2015]; see generally Penal Law § 60.30). The court did not order any forfeiture, whether at the time of the plea or sentencing. Rather, the forfeiture was based on a voluntary settlement of a potential, separate civil proceeding.
Were we not dismissing this aspect of the appeal, we would affirm on the ground of defendant's valid waiver of his right to raise any appellate challenge to the forfeiture agreement (see Abruzzese, 30 AD3d at 220). In any event, defendant's claims are unpreserved (see Burgos, 129 AD3d at 628), and we decline to reach them in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024