People v Williams (2024 NY Slip Op 01563)

People v Williams

2024 NY Slip Op 01563

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-02621

[*1]The People of the State of New York, respondent,
v
Tevin Williams, appellant. (Ind. Nos. 712/11, 260/12)

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Orange County (William DeProspo, J.), dated December 1, 2020, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate, on the ground of ineffective assistance of counsel, two judgments of the same court (Nicholas De Rosa, J.), both rendered September 27, 2012, convicting him of assault in the first degree under Indictment No. 712/11, and assault in the first degree under Indictment No. 260/12, upon his pleas of guilty, and imposing sentences.
ORDERED that the order is affirmed.
On June 26, 2012, the defendant pleaded guilty to assault in the first degree under Indictment No. 712/11, and to assault in the first degree under Indictment No. 260/12, in exchange for promised sentences of particular terms of imprisonment. At sentencing, the County Court sentenced the defendant as promised, and further directed the defendant to pay restitution in the sum of $321,585. The defendant appealed the judgments of conviction on the sole ground that the sentences imposed were excessive without challenging the court's imposition of restitution. In January 2015, this Court affirmed the judgments (see People v Williams, 124 AD3d 922). In August 2018, the defendant moved pursuant to CPL 440.10 to vacate those judgments arguing that he was denied the effective assistance of counsel as he was not informed by counsel of the deportation consequences to his pleas of guilty. By order dated November 13, 2018, the County Court, without a hearing, denied the defendant's motion.
In May 2020, the defendant moved, inter alia, pursuant to CPL 440.10(1)(h) to vacate his judgments of conviction on the ground that he received ineffective assistance of counsel because his attorney failed to advise him that the imposition of restitution was a term of the pleas, and did not object at sentencing when the prosecutor requested for the first time that restitution be imposed. In an order dated December 1, 2020, the County Court denied the defendant's motion without a hearing. The defendant appeals, by permission, from the order dated December 1, 2020.
Although the County Court determined that the defendant's motion was subject to the mandatory procedural bar under CPL 440.10(2)(c) because the claim could have been brought on direct appeal, effective October 25, 2021, CPL 440.10(2)(c) does not apply to the issue of [*2]ineffective assistance of counsel (see L 2021, ch 501, §§ 1, 2). Nevertheless, the court properly denied the motion pursuant to CPL 440.10(3)(c), which provides that "the court may deny a motion to vacate a judgment when . . . [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so" (see People v Edmee, 183 AD3d 759, 760-761).
Here, the defendant previously moved to vacate the judgments of conviction pursuant to CPL 440.10 based on ineffective assistance of counsel. However, despite being in a position to raise his present ineffective assistance of counsel claims on the prior motion, he did not do so. The defendant also failed to demonstrate that his current motion was meritorious and thus, should be granted in the interest of justice (see CPL 440.10[3]).
Furthermore, "[i]n cases asserting ineffective assistance of counsel in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different" (People v Tindley, 202 AD3d 838, 839 [internal quotation marks omitted]; see People v Parson, 27 NY3d 1107, 1108). Here, the defendant failed to demonstrate a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial, or would have withdrawn his pleas of guilty if given an opportunity to do so upon being informed that he would be required to pay restitution.
Accordingly, the County Court properly denied the defendant's motion to vacate the judgments of conviction on the ground that he was denied the effective assistance of counsel.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court