People v Acosta (2025 NY Slip Op 07350)

People v Acosta

2025 NY Slip Op 07350

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

113593B
[*1]The People of the State of New York, Respondent,
vWilliam Acosta, Appellant.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Powers and Mackey, JJ.

Stephen J. Carney, Clifton Park, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Clinton County (Keith Bruno, J.), rendered November 22, 2021, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.
In satisfaction of a 10-count indictment and other pending charges within Clinton County, defendant pleaded guilty to three counts of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree and agreed to waive his right to appeal. In addition, as part of the plea agreement, defendant agreed to a specified amount of restitution of buy money from three controlled buys and agreed to forfeiture of an unspecified amount of money seized by law enforcement. In accordance with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to concurrent prison terms, the maximum of which was nine years, to be followed by three years of postrelease supervision, and, among other things, ordered restitution. Defendant appeals.
Initially, we disagree with defendant's contention that the waiver of his right to appeal is invalid. Although a written appeal waiver is included in the record and contains language that this Court has previously found to contain some overbroad language (see e.g. People v Harrigan, 239 AD3d 1153, 1154 [3d Dept 2025]; People v Weis, 238 AD3d 1331, 1331-1332 [3d Dept 2025]), the circumstances of the execution of such written appeal waiver do not appear in the plea colloquy or anywhere in the record. However, we are satisfied that the oral colloquy sufficiently demonstrates defendant's knowing, voluntary and intelligent waiver of his right to appeal. To that end, the record reflects that defendant was aware that a waiver of his right to appeal was a condition of the plea agreement and, upon inquiry from County Court, defendant confirmed that he understood that the appeal waiver was separate and distinct from the rights automatically forfeited by the guilty plea. The court adequately explained that, although the appeal waiver encompassed most claims of error, certain rights, some of which the court specified, survived. Defendant assured the court that he had conferred with counsel, understood the nature and consequences of the appeal waiver and was waiving his right to appeal voluntarily. In view of the foregoing, we are satisfied that the record reflects defendant's knowing, voluntary and intelligent waiver of his right to appeal (see People v Sutton, 237 AD3d 1317, 1318 [3d Dept 2025]; People v Harris, 233 AD3d 1202, 1203 [3d Dept 2024]; People v Hendrie, 232 AD3d 1067, 1068-1069 [3d Dept 2024]). As such, defendant's challenge to the perceived severity of the agreed-upon sentence is foreclosed (see People v Rowe, 239 [*2]AD3d 1202, 1202 [3d Dept 2025], lv denied 44 NY3d 984 [2025]; People v Sutton, 237 AD3d at 1318).
To the extent that defendant challenges his voluntary agreement to forfeit, as a condition of the plea, all monies seized from his apartment by law enforcement during the execution of a search warrant, County Court did not order any forfeiture at the time of sentencing and the agreement was not part of the sentence, and, as such, is not part of the judgment of conviction (see People v Abruzzese, 30 AD3d 219, 220 [1st Dept 2006], lv denied 7 NY3d 784 [2006]; cf. People v Burgos, 129 AD3d 627, 627-628 [1st Dept 2015], lv denied 26 NY3d 1038 [2015]). As the record here does not reflect that the forfeiture is part of the judgment of conviction, but "was based upon a voluntary settlement of a potential, separate civil proceeding, which would be governed by the CPLR," defendant's challenge to the voluntary forfeiture agreement is not properly before this Court (People v Abruzzese, 30 AD3d at 220; see CPLR article 13-A).
Pritzker, J.P., Fisher, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.