People v Moran (2025 NY Slip Op 07413)

People v Moran

2025 NY Slip Op 07413

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2019-05069
2021-06437

[*1]The People of the State of New York, respondent,
vKeith P. Moran, appellant. (S.C.I. No. 1449/18) 2019-05502 People of State of New York, respondent, Keith Moran, appellant. 

Law Office of Michael Alber, P.C., Huntington Station, NY (Michael J. Alber of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Karen M. Wilutis, J.), rendered April 8, 2019, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon his plea of guilty, and imposing sentence, (2) an order of the same court dated April 25, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C, and (3) by permission, an order of the same court (Chris Ann Kelley, J.) dated June 21, 2021, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order dated April 25, 2019, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated June 21, 2021, is affirmed.
The defendant entered a plea of guilty to sexual abuse in the first degree and endangering the welfare of a child. He thereafter moved, with newly retained counsel, to withdraw the plea. The County Court denied the motion and imposed sentence. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the court assessed the defendant 90 points on the risk assessment instrument, rendering him a presumptive level two sex offender, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender.
The defendant thereafter moved pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction, contending, inter alia, that he was deprived of his right to the effective assistance of counsel and that his plea of guilty was not entered knowingly, voluntarily, and intelligently. After [*2]a hearing, the County Court denied his motion.
"In order to be valid, a plea of guilty must be entered voluntarily, knowingly, and intelligently" (People v Keller, 168 AD3d 1098, 1099). "'Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused'" (People v Gaity, 216 AD3d 667, 668, quoting People v Garcia, 92 NY2d 869, 970).
"A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty" (People v Tindley, 202 AD3d 838, 839; see People v Flinn, 188 AD3d 1093, 1094). To establish ineffective assistance of counsel under the federal standard, a defendant is required to demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense (see Strickland v Washington, 466 US 668). "Pursuant to the New York standard, a court must examine whether the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Montgomery, 235 AD3d 1004, 1005 [internal quotation marks omitted]; see People v Tindley, 202 AD3d at 839). "In cases asserting ineffective assistance of counsel in the context of a guilty plea, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different'" (People v Flinn, 188 AD3d at 1094, quoting People v Parson, 27 NY3d 1107, 1108).
The defendant's contention that his plea was not entered knowingly, voluntarily, and intelligently is without merit (see People v Leshore, 208 AD3d 1364, 1365; People v Penaranda, 178 AD3d 858, 858). The record shows that the defendant understood the terms of the plea agreement, including the sentencing promise and the condition under which he would be permitted to withdraw his plea of guilty.
Contrary to the defendant's further contention, the record demonstrates that he was not deprived of the effective assistance of counsel. The defendant failed to demonstrate a reasonable probability that, but for counsel's errors, he would have not entered a plea of guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different (see People v Ramroop, 236 AD3d 931, 932).
Accordingly, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea without a hearing and properly denied the defendant's subsequent motion pursuant to CPL 440.10 to vacate the judgment of conviction.
"In establishing a defendant's risk level pursuant to SORA, the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence'" (People v Robinson, 231 AD3d 754, 755, quoting Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Parvez, 209 AD3d 885, 887 [internal quotation marks omitted]; see People v Colon, 235 AD3d 665, 666).
The defendant's challenge to the assessment of points under risk factor 11 (drug or alcohol abuse) is without merit. At the SORA hearing, the People established by clear and convincing evidence that the defendant had a history of substance abuse within the meaning of risk factor 11 through the submission of a presentence investigation report, which recited that the defendant admitted to completing an outpatient treatment program for cocaine abuse after a 2004 drug possession conviction (see People v Robinson, 231 AD3d at 755).
"A defendant seeking a downward departure from the presumptive risk level has the burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People [*3]v Colon, 235 AD3d at 666, quoting People v Medina, 209 AD3d 775, 776; see People v Jones, 196 AD3d 515, 515). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Fuhrtz, 180 AD3d 944, 946-947; see People v Saintilus, 169 AD3d 838, 839).
Here, the defendant failed to prove by a preponderance of the evidence that his health conditions constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Davidson, 232 AD3d 913, 915; People v Mota, 165 AD3d 988, 989).
The defendant's remaining contention is without merit.
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court