People v Madison

2026 NY Slip Op 02132

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Darrel D. Madison, appellant. (Ind No. 70969/21)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2023-04284

Cheryl E. Chambers, J.P.

Deborah A. Dowling

Lillian Wan

Lourdes M. Ventura, JJ.

Laurette D. Mulry, Riverhead, NY (April J. Winecke of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered August 10, 2022, as amended March 14, 2023, convicting him of criminal possession of a controlled substance in the third degree and animal fighting (see Agriculture and Markets Law § 351[2][b]), upon his plea of guilty, and imposing sentence.

ORDERED that the judgment, as amended, is affirmed.

"In order to be valid, a plea of guilty must be entered voluntarily, knowingly, and intelligently" (People v Keller, 168 AD3d 1098, 1099). "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (People v Garcia, 92 NY2d 869, 870 [internal quotation marks omitted]; see People v Gaity, 216 AD3d 667, 668).

Here, the defendant contends that his plea of guilty was not knowing, voluntary, or intelligent because he was misinformed at the time of the plea regarding the legality of his promised sentence. Although the defendant did not seek to withdraw his plea or otherwise raise this issue before the County Court, the defendant's challenge to the voluntariness of his plea on this ground is properly before this Court, since "a defendant can hardly be expected to move to withdraw his plea on a ground of which he has no knowledge" (People v Peque, 22 NY3d 168, 182 [internal quotation marks omitted]; see People v Scott, 44 NY3d 302, 306-307; People v Keller, 168 AD3d at 1099). Nevertheless, the record demonstrates that the defendant's plea was entered knowingly, voluntarily, and intelligently. Given that the defendant received at resentencing the minimum term of imprisonment and a term of postrelease supervision that was less than what was promised at the time of the plea, the resentence comported with the defendant's reasonable understanding and legitimate expectations (see People v Collier, 22 NY3d 429, 434; People v Luck, 175 AD3d 1430, 1431-1432; People v Moss, 166 AD3d 655, 655).

"A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty" (People v Tindley, 202 AD3d 838, 838). "To establish ineffective assistance of counsel under the federal standard, a defendant is required to demonstrate that counsel's [*2]performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense" (People v Moran, 244 AD3d 1250, 1251; see Strickland v Washington, 466 US 668). "Pursuant to the New York standard, a court must examine whether the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Montgomery, 235 AD3d 1004, 1005 [internal quotation marks omitted]; see People v Moran, 244 AD3d at 1251). "In cases asserting ineffective assistance of counsel in the context of a guilty plea, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different'" (People v Flinn, 188 AD3d 1093, 1094, quoting People v Parson, 27 NY3d 1107, 1108).

Here, by pleading guilty, the defendant forfeited those claims of ineffective assistance of counsel that do not directly involve the plea-negotiation process and sentence (see People v Chacon-Diaz, 203 AD3d 846, 846). To the extent that the defendant contends that the alleged ineffective assistance of counsel involved the negotiation of the plea and affected the voluntariness thereof, the record demonstrates that he was not deprived of the effective assistance of counsel. Rather, the record demonstrates that the defendant received an advantageous plea, and the defendant failed to demonstrate a reasonable probability that, but for defense counsel's errors, the defendant would not have entered a plea of guilty and would have insisted on going to trial or that the outcome of the proceedings would have been different (see People v Moran, 244 AD3d at 1252; People v McIntyre, 208 AD3d 1365, 1366).

CHAMBERS, J.P., DOWLING, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court